**BRENNAN LAW FIRM PLLC**
Kerry A. Brennan, Esq.
1250 Broadway, 27th Floor
New York, New York 10001
kerry.brennan@brennanlawpllc.com
Tel: 212.729.1980
Fax: 646.786.4149

Attorney for **Defendants Nanoprotech FL LLC and Eduard Kopshin**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Innovative Technologies, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Nanoprotech FL, LLC and Edward Kopshin, <br><br> Defendants. | Civil Action No. 16-cv-03797 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS ON THE GROUND OF FORUM NON CONVENIENS**

Defendants Nanoprotech Fl, LLC and Eduard Kopshin submit this memorandum of law in support of their motion to dismiss this action on the ground of *forum non conveniens.*

Plaintiff Innovative Technologies, LLC improperly commenced this lawsuit in New York and has asserted claims under New York and federal statutes despite the fact that the parties' written agreement stipulates the law of the Russian Federation and the resolution of claims in St. Petersburg, Russian Federation.  Defendant Nanoprotech LLC is headquartered in Florida and has no offices in New York.  New York City has no bearing whatsoever on the parties' dispute under their written agreement.

This Court should enforce the parties' written agreement which provides for a forum selection clause containing an obligatory venue clause designating the commercial/ arbitration courts of St. Petersburg, Russian Federation.  The parties and claims asserted in this action are covered by the forum selection clause.

Even if there were no forum selection clause designating venue of this case in St. Petersburg, Russian Federation, a traditional analysis of *forum non conveniens* factors mandates dismissal of this action in favor of the commercial/arbitration courts in St. Petersburg, Russian Federation because New York has absolutely no nexus to this suit and Defendants could not compel material witnesses to appear in New York.  The parties' agreement further calls for the application of the law of the Russian Federation.  As a foreign entity, there should be little or no deference attributed to Plaintiff's choice of New York as forum for this dispute.  The only potential tie to New York is that Defendant Nanoprotech FL entered a distribution with a third party located in New York, although such third party and its New York office have no bearing on any of the claims in this suit.  The courts and jurors in the district should not be burdened with a case that has absolutely no connection to New York.  This Court has previously found that the commercial/arbitration courts located

in St. Petersburg, Russian Federation are an adequate alternative forum.

Accordingly, this Court should dismiss this action on the ground of *forum non conveniens*.

## FACTUAL BACKGROUND

Plaintiff filed an Amended Complaint on April 13, 2017. Defendants have not answered the Amended Complaint which contains reference a different agreement (Agreement B, as defined below) as the basis of its causes of action against Defendants. No discovery has taken place in this action other than an informal exchange of the parties' agreements. Magistrate Judge Peggy Kuo stayed all discovery pending resolution of the Defendants' motion to dismiss. Declaration of Kerry A. Brennan, Esq. ("Brennan Decl.") ¶¶ 3-5.

On or about January 14, 2014, Defendant Nanoprotech FL entered an agreement with Innovative Technologies Ltd. with respect to the distribution of products in the United States and Canada. Declaration of Eduard Kopshin ("Agreement A").

Agreement A contains a provision addressing forum selection and dispute resolution:

12. **Arbitration**
12.1 All disputes and differences arising in the course of the contract should be resolved through negotiations between the Parties.
12.2 Disputes, unresolved through bilateral negotiations, subject to review **by a competent court of arbitration** in the location of the Seller on the basis of the procedural law of the Seller.

The Seller, Innovative Technologies, is headquartered in St. Petersburg, Russian Federation. Paragraph 1.1 of the Agreement also provides that "Adaptive law for this contract is the civil law of the Russian Federation." Thus, the Agreement provides that the forum for all disputes shall be heard in court of arbitration in St. Petersburg, Russian Federation, and that the law of the Russian Federation governs Agreement A. As noted in

2

the Argument section, the courts of arbitration in St. Petersburg are commercial courts. Argument Point I.

Plaintiff contends that Agreement A is not the genuine version of the parties' agreement. Plaintiff contends that an alternative version of the agreement filed by Plaintiff with this Court as Docket Entry 29, Amended Complaint, Exhibit 6, is the genuine agreement (hereinafter "Agreement B"). Kopshin Decl. ¶ 6  Ex. B. This document was substituted for a different agreement that had been attached to the original complaint. Agreement B contains the identical Paragraphs 1.1 and 12 with respect to the governing law, dispute resolution and forum selection clause. Kopshin Decl. ¶ 7.

The only difference between the two agreements is as follows:  Paragraph 18.3 of Agreement A provides that "The Seller does not object to the registration of trademarks with names of raw materials, in classes other than Class 4 . . . ." The same paragraph of Agreement B provides "Seller agrees to offer any new developments to Buyer. Buyer agrees to evaluate and to add to product list." Such paragraph is not relevant for purposes of this motion. Kopshin Decl. Exs. A & B.

Plaintiff's counsel has taken the position that a Voluntary Settlement agreement entered subsequently between and among Innovative Technologies Ltd., Nanoprotech OU, Nanoprotech FL constitutes a modification of the forum selection clause and governing law clause in Agreement A and/or Agreement B. Kopshin ¶ 6 & Ex. C. Nothing in the Voluntary Settlement provides for amendment of either Agreement A or Agreement B.

Nanoprotech FL presently has an office in Boca Raton, Florida, and it previously had an office in Fort Lauderdale, Florida. Nanoprotech FL does not have an office in NY. Nanoprotech entered into a distribution agreement with a company in New York City.

3

Nanoprotech identified the New York coordinates of the distributor on the map on its website and provided the distributor with samples. But the arrangement with the distributor did not proceed and the coordinates were removed. The distributor had no authority to accept service of process on behalf of Nanoprotech, and the service of process against Defendant Nanoprotech was improper. Mr. Kopshin was personally served with process in this case in Florida. Kopshin Decl. ¶¶ 10-11.

None of the events that gave rise to the dispute in the Amended Complaint occurred in New York City or the state of New York. There are no witnesses or documents in New York City or the state of New York relating to the events that gave rise to the dispute in the Amended Complaint. Specifically, Defendant Nanoprotech FL had no contacts (communications or meetings) with Plaintiff or its representatives in New York City or the state of New York relating to agreement in issue. Kopshin Decl. ¶ 12.

Grigory Gulegin is a necessary witness to this action. Mr. Gulegin signed the parties' agreement on behalf of Plaintiff, and Mr. Gulegin was chief executive officer of Plaintiff when this action was commenced, and Mr. Kopshin believes that Mr. Gulegin did not authorize this lawsuit. Defendants would seek to call him as an essential witness. Mr. Gulegin lives in St. Petersburg, Russian Federation. Kopshin Decl. ¶ 13. Counsel for Plaintiff, Vladimir Tsirkin, represented in a conference before Magistrate Judge Kuo on April 13, 2017 that Mr. Gulegin, the former chief executive officer of Plaintiff, is under criminal investigation in Russia for his role in the misappropriation of corporate documents in Russia with respect to Plaintiff. While Defendants are in possession of the original version of the parties' agreement, Plaintiff's counsel has taken the position that such document is not valid and that another version of the document is genuine. Plaintiff has not been able to provide the original copy of the parties' agreement that it contends is genuine.

Plaintiff's counsel's representation indicates that there is already a proceeding potentially relating to this matter in the Russian Federation. Defendants have not received any formal notice of any criminal investigation, and Defendants are not aware of such criminal investigation. Brennan Decl. ¶ 9 & Ex. B.

The current chief executive officer of Plaintiff, Shamsi Timur Rashitovich, the person who later replaced Mr. Gulegin at Plaintiff, upon information and belief, authorized the commencement of this lawsuit by Plaintiff, is located in St. Petersburg, Russian Federation. Kopshin Decl. ¶ 13.

Relevant documents are located in St. Petersburg, Russian Federation or Florida. Kopshin Decl. ¶ 14.

Since 2014, Nanoprotech FL has sold some products online via Amazon in the United States. There have been a limited number of sales into the state of New York amounting to less than $100 at listed retail price. Kopshin Decl. ¶ 15.

The parties disagree as to the genuine version of the agreement, but both versions of the agreement provide that disputes are to be resolved in the arbitration courts in St. Petersburg, Russian Federation. Kopshin Decl. Exs. A & B; Docket Entry ("DE") 14 (Answer Ex. 10); 29 (Amended Complaint Ex. 6). The Plaintiff alleges claims for breach of contract and trademark infringement because of Defendants' actions (a) seeking trademark registration in the US, and (b) tortiously interfering with contractual relations relating to the distribution of products in Mexico in violation of the contract's territorial limitations. The claims are asserted against Nanoprotech FL and Mr. Kopshin, the CEO of Nanoprotech FL, and the complaint does not assert separate claims against Mr. Kopshin.

To the extent there is a dispute, Nanoprotech FL has consented to a proceeding

5

before the commercial arbitration courts in St. Petersburg, Russian Federation as provided in Agreement A.  Defendants are amenable to service of process for a suit before the commercial and/or arbitration courts of St. Petersburg, Russian Federation as set forth in the parties' agreement.  Kopshin Decl. ¶¶ 5 & 16.

## ARGUMENT

### I
### THIS COURT SHOULD ENFORCE THE PARTIES' WRITTEN FORUM SELECTION CLAUSE IN FAVOR OF THE COMMERCIAL/ARBITRATION COURTS IN ST. PETERSBURG, RUSSIAN FEDERATION

The Supreme Court has expressed a strong federal preference for the enforcement of forum selection clauses.  See *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972).  Recently, in *Atlantic Marine Construction Company, Inc. v. United States District for the Western District of Texas*, 134 S. Ct. 568, 580 (2013), the Supreme Court held that "the appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens."  In *Atlantic Marine*, the Supreme Court also reiterated the strong federal policy supporting the enforcement of forum selection clauses.  A party resisting a forum selection clause has a "heavy burden" in overcoming a presumptively enforceable forum selection clause.  *Bremen,* 407 U.S. 1.  The *Bremen* Court, recognizing that a foreign forum selection clause should be enforced, stated that "in light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside."  *Id.* at 15.[1]

Whether a forum selection clause should be enforced involves a four part analysis:

---

[1] In absence of access to Russian legal precedent, Defendants invoke general contract principles

(i) whether the clause was reasonably communicated to the party resisting enforcement; (ii) whether the forum selection clause is mandatory or permissive; (iii) whether the claims and parties involved in the suit are the subject of the forum selection clause; and (iv) whether the resisting party can rebut the presumption of enforceability by making a "sufficiently strong showing" that enforcement would be unreasonable or unjust. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007); *see Bremen*, 407 U.S. at 15.

*First*, the parties' forum selection clause provides for review of the dispute before a commercial/arbitration court in St. Petersburg, Russian Federation and the application of Russian law, and they agreed to this provision in their written agreement. Kopshin Decl. ¶¶ 3-4. The forum selection clause is in both versions of the agreements proffered by the parties. Courts have extended respect for parties' legitimate expectations from their written contracts.

*Second,* the forum selection clause here is mandatory because it specifies an obligatory venue where the dispute is to be decided. *See, e.g., Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). The *Phillips* Court viewed the forum selection clauses's language "are to be brought in England" as mandatory because the phrase "'are to be brought' established England as an obligatory venue." *Id.* at 386-7. Likewise, in *Macsteel Int'l USA Corp. v. M/V Larch Arrow*, 354 Fed. Appx. 537 540 (2d Cir. 2009), the Second Circuit found that a clause that said "Any disputes arising under this Bill of Lading to be decided in London" finding that the phrase "to be decided" made the clause mandatory. *See also Central National-Gottesman, Inc. v. M.V.,* 204 F. Supp. 2d 675, 678 (S.D.N.Y. 2002) (same); *Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Manufacturers Inc.,* 952 F. Supp. 542 (S.D.N.Y. 2013) (same). The language in the agreement here is mandatory. The forum selection clause here "Dispute... subject to review

7

by a competent court of arbitration in the location of the Seller on the basis of procedural law of the Seller." Kopshin Decl. ¶¶ 3-4.  Pursuant to a certified translation of the Russian language version of the agreement, this clause reads: "Disputes... shall be reviewed by a competent Commercial court at the location of the Seller and in accordance with the law of procedure of the Seller's country."  Brennan Decl. Ex. A.  The clause is mandatory and not permissive and provides for an obligatory venue.  The clause makes specific that disputes are not to be addressed other than in the Russian Federation.

   *Third*, the parties here – Defendants Nanoprotech FL and Edward Kopshin – and the claims are covered by the forum selection clause.  All of the claims alleged against Defendants relate to whether or not the parties' agreement was breached.  *See* Brennan Decl. Ex. C (Amended Complaint, Docket Entry 29).  Even to the extent Plaintiff has alleged tort claims (see seventh cause of action for tortious interference), those claims are likewise covered by the forum selection clause in the parties' agreement.  Here, the tortious interference claim asserts that the Defendant violated the territorial limitations set out in the parties' agreement.  Contract-related tort claims should be heard in the forum selected by the parties. *Magi XXI, Inc. v. Stato Della Citta Del Vaticano,* 714 F.3d 714 (2d Cir. 2013).  The tort claims are parallel to the contract claims and require interpretation of the parties' agreement.

   Despite the fact that the contract provides that the governing law is that of the Russian Federation (Kopshin Decl. Ex. A. (Agreement A ¶¶ 1.1 & 12.2)), Plaintiff alleges, without any basis whatsoever, that New York law governs its contract, tort and equitable claims and that the Lanham Act applies to its trademark infringement claims (Brennan Decl. Ex. C (Amended Complaint – first through tenth causes of action)).  The gravamen of Plaintiff's cause of action is that (i) Defendants should not have filed trademark applications

8

in the United States and/or infringed Plaintiff's trademark (which it had permission to use under the parties' agreement) and (ii) Defendants tortiously interfered with contractual relations by attempting to sell products outside the territorial limitations of the parties' agreement.  Plaintiff contends that such activities violated the parties' agreement.  Plaintiff has taken the position that the case cannot proceed in the Russian Federation because of the causes of action brought under the Lanham Act.  The court reviewing this matter would need primarily to decide whether the Defendants' actions were permitted under the parties' agreement or whether such actions breached the agreement.  *See, e.g., Bense v. Interstate Batter System of America, Inc.,* 683 F.2d 713 (2d Cir. 1982) ("Although the complaint was brought pursuant to federal anti-trust law, the gist of Bense's claim is that Interstate wrongfully terminated the agreement" and such claim was subject to the forum selection clause in the parties' agreement).  Moreover, courts have routinely held that claims under the Lanham Act are can be heard in other forums.  For example, claims under the Lanham Act can be heard in an arbitration forum.  *See Doctor's Assoc., Inc. v. Distajo*, 107 F.3d 126 (2d Cir. 1997); *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716 (9th Cir. 1999); *see also Mitshubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614 (1985) (claims that touch upon matters covered by arbitration agreement are arbitrable including violations of federal statutes).  All of the claims should be heard in the arbitration/commercial courts of the Russian Federation as agreed by the parties.

To the extent the Defendant Mr. Kopshin has been sued in this case in his personal capacity for his action as chief executive officer of Nanoprotech FL, he also may enforce the forum selection clause because he is an officer of Nanoprotech FL.  *See, e.g., Hugel v. Corp of Lloyd's*, 999 F.2d 206, 209 (7th Cir 1993); *In re Optimal U.S. Litig.*, 813 F. Supp.2d 351, 369 (S.D.N.Y. 2011).  All of the actions alleged against Mr. Kopshin are breaches of the

9

parties' agreement or contract-based tort claims.  See Brennan Decl. Ex. C (Amended Complaint).

*Fourth*, Plaintiff cannot rebut the presumption of enforceability by clearly showing "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen,* 407 U.S. at 15.   This exception to enforceability is interpreted narrowly, rendering forum selection clauses unreasonable only:

> (1) if their incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will for all practical purposes be deprived of his day in court, due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state.

*Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1363 (2d Cir.1993) (internal citations and quotation marks omitted).  Plaintiff cannot satisfy any of the exeptions.

*Finally*, this Court has dismissed cases where the parties' agreements contained similar forum selection clauses designating the arbitration courts of St. Petersburg, Russian Federation.  S*ee, e.g., S.K.I. Beer Corp. v. Baltika Brewery*, 43 F. Supp. 313 (E.D.N.Y. 2006) (noting "Arbitration Court in St. Petersburg is, in fact, a state-run commercial court"), *aff'd* 612 F.3d 705 (2d Cir. 2010).

II

**BECAUSE NEW YORK IS A GENUINELY INCONVENIENT FORUM AND ST. PETERSBURG, RUSSIAN FEDERATION IS A PREFERABLE FORUM, THIS COURT SHOULD DISMISS ON THE GROUND OF *FORUM NON CONVENIENS***

When invoking the *forum non conveniens* doctrine, a court should employ a three step analysis: "At step one, a court determines the degree of deference properly accorded the plaintiffs choice of forum. At step two, it considers whether the alternative forum proposed

10

by the defendants is adequate to adjudicate the parties' dispute. Finally, at step three, a court balances the private and public interests implicated in the choice of forum." *Norex Petroleum Ltd. v. Access Indus. Inc.,* 416 F.3d 146, 153 (2d Cir. 2005) (internal citations omitted); *Iragorri v. United Techs. Corp.,* 274 F.3d 65, 71-75 (2d Cir. 2001) (en banc).

*First*, no deference should be accorded the plaintiff's choice of the Eastern District of New York as the forum in the instant case. Ordinarily, "the greatest deference is afforded a plaintiff's choice of its home forum, while less deference is afforded a foreign plaintiff's choice of a United States forum." *Norex Petroleum Ltd.,* 416 F.3d at 154. The presumption that a plaintiff's choice of forum was made for purposes of convenience will not apply to foreign plaintiffs. *Pollux Holding Ltd. v. The Chase Manhattan Bank,* 329 F.3d 64 (2d Cir. 2003) ("[W]hen a foreign plaintiff sues in a United States forum such choice is entitled to less deference because one may not easily presume that choice is convenient.").

This forum has no relation to the parties' agreement or the challenged activities in the Amended Complaint. Kopshin Decl. ¶ 12. Defendants do not know the basis for why Plaintiff chose this forum. It appears that Plaintiff's choice here is purely for forum shopping reasons – perhaps the location of Plaintiff's counsel. "Deference to a plaintiff's choice is diminished where the core operative facts upon which the litigation is brought bear little connection to the chosen forum." *In re Alcon Shareholder Litig.,* 719 F. Supp.2d 263, 269 (S.D.N.Y. 2010).

Defendant Nanoprotech FL is headquartered in Florida and has no office in New York. Kopshin Decl.¶ 10. None of the events that gave rise to the dispute in the Amended Complaint occurred in New York City or the state of New York. Kopshin Decl.¶ 12. Defendant Nanoprotech FL entered a contract with a potential distributor in New York, but that arrangement never proceeded. That distributor had an office in New York City.

11

Erroneously believing that the distributor's location was an office of Defendant Nanoprotech Fl, Plaintiff's have sought venue in this district and even served the papers on Defendant FL at the location of its distributor, who had no authority to accept service of papers for Nanoprotech FL. Kopshin Decl.¶ 11. This dispute has no bearing on New York City whatsoever.

*Second*, since Defendants are amenable to service of process for a suit before the commercial courts of St. Petersburg, Russian Federation and that forum permits litigation of the subject matter of this dispute, the arbitration/commercial courts of the Russian Federation present an adequate alternative venue. *See, e.g., Erausquin v. Notz, Stucki Management (Bermuda) Limited*, 806 F. Supp. 2d 712, 726 (S.D.N.Y. 2011). Courts in this district have determined that Russian courts provide adequate forums. *See, e.g., Norex Petroleum v. Access Industries, Inc.,* 304 F. Supp.2d 570, 580 (S.D.N.Y. 2004); *Overseas Media, Inc. v. Skvortsov*, 441 F. Supp.2d 610 (S.D.N.Y. 2006).

*Third*, a review of the private factors mandates that litigation in the Russian Federation will facilitate greater access in the instant case. There are no relevant witnesses or documents here in New York. Essential to Defendants' defense is examination of Grigory Gulegin, former chief executive officer of Plaintiff, who signed Agreement A on behalf of Plaintiff. Mr. Gulegin resides in St. Petersburg, Russian Federation, and he is not subject to compulsory process here in New York. Plaintiff claims that criminal proceedings are underway in the Russian Federation against Mr. Gulegin with respect to misappropriation of documents that may have a bearing on this action (although Defendants are unaware whether this representation of criminal proceedings is accurate). Brennan Decl. ¶ 9. To the extent that there are already proceedings in the Russian Federation that could potentially be relevant, any dispute relating to the parties' agreement should proceed in the

12

courts of the Russian Federation.

*Finally*, as to the public factors, New York has no interest in this litigation. The only forums with potential interest in this suit are the Russian Federation or Florida. The application of the parties' choice of the law of the Russian Federation favors a Russian forum and dismissal of this action. *See, e.g., Maersk, Inc. v. Newar, Inc.,* 554 F. Supp.2d 424, 453-54 (S.D.N.Y 2008). Most importantly, a suit in this jurisdiction would require courts and jurors to decide a case that has absolutely no impact on the community.

Overall, a balancing of the private and public factors demonstrates that the Russian Federation is a significantly preferable forum and that New York is genuinely inconvenient for Defendants to defend against Plaintiff's claims.

## CONCLUSION

For the reasons stated herein, Defendants request that this Court dismiss this action on the ground of *forum non conveniens*.

New York, New York  
June 6, 2017

BRENNAN LAW FIRM PLLC

By: *Kerry A. Brennan*

Kerry A. Brennan  
1250 Broadway, 27th Floor  
New York, NY 10001  
(t) 212.729.1980  
kerry.brennan@brennanlawpllc.com