**BRENNAN LAW FIRM PLLC**
Kerry A. Brennan, Esq.
1250 Broadway, 27th Floor
New York, New York 10001
kerry.brennan@brennanlawpllc.com
Tel: 212.729.1980
Fax: 646.786.4149

Attorney for **Defendants Nanoprotech FL LLC and Eduard Kopshin**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Innovative Technologies, LLC,

                Plaintiff,

v.

Nanoprotech FL, LLC and Edward Kopshin,

                Defendants.

Civil Action No. 16-cv-03797

## DECLARATION OF EDUARD KOPSHIN

1. I am the Chief Executive Officer and sole employee of Nanoprotech FL, LLC, a small company that has its only office in Boca Raton, Florida. I am fully familiar with the facts giving rise to this lawsuit and the documents referenced in this declaration.

2. My first language is Russian. While I can speak and write English, I have reviewed this declaration with an interpreter to ensure that it is accurate.

3. On or about January 14, 2014, Defendant Nanoprotech FL entered an agreement with Innovative Technologies Ltd. with respect to the distribution of products in the United States and Canada. A true and accurate copy of the agreement is attached hereto as Exhibit A (hereinafter "Agreement A").

4. Agreement A contains a provision addressing forum selection and dispute

1

resolution:

> 12. **Arbitration**
> 12.1 All disputes and differences arising in the course of the contract should be resolved through negotiations between the Parties.
> 12.2 Disputes, unresolved through bilateral negotiations, subject to review **by a competent court of arbitration** in the location of the Seller on the basis of the procedural law of the Seller.

The Seller, Innovative Technologies, is headquartered in St. Petersburg, Russian Federation. Paragraph 1.1 of the Agreement also provides that "Adaptive law for this contract is the civil law of the Russian Federation." The Agreement provides that the forum for all disputes shall be heard in court of arbitration in St. Petersburg, Russian Federation, and that the law of the Russian Federation governs Agreement A.

5. On behalf of Nanoprotech FL, to the extent there is a dispute with respect to Agreement A, Nanoprotech FL consents a proceeding before the arbitration courts in St. Petersburg, Russian Federation as provided in Agreement A.

6. Plaintiff contends that Agreement A is not the genuine version of the parties' agreement. Plaintiff contends that an alternative version of the agreement filed by Plaintiff with this Court as Docket Entry 29 Amended Complaint, Exhibit 6, on is the genuine agreement. A true and accurate copy of the agreement filed by Plaintiff is attached hereto as Exhibit B (hereinafter "Agreement B").

7. Agreement B contains the identical Paragraphs 1.1 and 12 with respect to the governing law and forum for any disputes.

8. The only difference between the two agreement is as follows: Paragraph 18.3 of Agreement A provides that "The Seller does not object to the registration of trademarks with names of raw materials, in classes other than Class 4 . . . ." The same paragraph of Agreement B provides "Seller agrees to offer any new developments to Buyer.

Buyer agrees to evaluate and to add to product list." Such paragraph is not relevant for purposes of this motion.

9. During our discussions and in court, Plaintiff's counsel has taken the position that a Voluntary Settlement agreement entered subsequently between and among Innovative Technologies Ltd., Nanoprotech OU and Nanoprotech FL constitutes a modification of the forum selection clause and governing law clause in Agreement A and/or Agreement B. A true and accurate copy of the Voluntary Settlement agreement attached to Plaintiff's Amended Complaint as Exhibit 11 (Docket Entry 29) is attached hereto as Exhibit C. Nothing in the Voluntary Settlement provides for amendment of either Agreement A or Agreement B.

10. Nanoprotech FL presently has an office in Boca Raton, Florida, and it previously had an office in Fort Lauderdale, Florida.

11. Nanoprotech FL does not have an office in NY. Nanoprotech entered into a distribution agreement with a company in New York City. Nanoprotech identified the New York coordinates of the distributor on the map on its website and provided the distributor with samples. But the arrangement with the distributor did not proceed and the coordinates were removed. The distributor had no authority to accept service of process on behalf of Nanoprotech, and the service of process against Defendant Nanoprotech was improper. I was personally served with process in this case in Florida.

12. None of the events that gave rise to the dispute in the Amended Complaint occurred in New York City or the state of New York. There are no witnesses or documents in New York City or the state of New York relating to the events that gave rise to the dispute in the Amended Complaint. Specifically, Defendant Nanoprotech FL had no

contacts (communications or meetings) with Plaintiff or its representatives in New York City or the state of New York relating to agreement in issue.

13. Grigory Gulegin is a necessary witness to this action. Mr. Gulegin signed the parties' agreement on behalf of Plaintiff, and Mr. Gulegin was chief executive officer of Plaintiff when this action was commenced although, upon information and belief, I understand the Mr. Gulegin did not authorize this lawsuit. Defendants would seek to call him as an essential witness. Mr. Gulegin lives in St. Petersburg, Russian Federation. The current chief executive officer of Plaintiff, Shamsi Timur Rashitovich, the person who later replaced Mr. Gulegin at Plaintiff, upon information and belief, authorized the commencement of this lawsuit by Plaintiff, is located in St. Petersburg, Russian Federation.

14. Relevant documents are located in St. Petersburg, Russian Federation or Florida.

15. Since 2014, Nanoprotech FL has sold some products online via Amazon in the United States. There have been a limited number of sales into the state of New York amounting to less than $100 at listed retail price.

16. Defendants are amenable to service of process for a suit before the commercial and/or arbitration courts of St. Petersburg, Russian Federation as set forth in the parties' agreement.

I declare under penalty of perjury that I have read the foregoing declaration and that it is true and correct to the best of my information and belief.

Dated: June 6, 2017

_____
Eduard Kopshin