# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release is made and entered into by and between INNOVATIVE TECHNOLOGIES, LLC ("Innovative Technologies"), on one hand, and NANOPROTECH FL, LLC and EDWARD KOPSHIN (collectively, the "Nanoprotech FL"), on the other hand (each, a "Party," and collectively, the "Parties"), on this 13 day of June, 2018.

**WHEREAS,** Innovative Technologies is the owner of the federally registered trademark mark, **U.S. Registration No.: 4,651,035** (the "Innovative Technology Mark"); and

**WHEREAS,** Nanoprotech FL filed trademark applications in the United States Patent and Trademark Office for the following marks (the applications collectively, the "Nanoprotech FL Applications," and the mark, the "Nanoprotech FL Mark"):

> **BICYCLE NANOPROTECH, Serial No. 85540559, U.S. Registration No.: 4,917,914; HOME AND GARDEN NANOPROTECH, Serial No. 86586549; MOTORCYCLE NANOPROTECH, Serial No. 86586517; MARINE NANOPROTECH, Serial No. 86584431; FIREARM NANOPROTECH, Serial No. 86581251 (abandoned); AUTOMOTIVE NANOPROTECH, Serial No. 86581475 (abandoned);** and

**WHEREAS,** on or about April 4, 2016 Innovative Technologies filed in the USPTO Trademark Trial and Appeal Board ("TTAB") Notices of Opposition to Nanoprotech FL Applications, Opposition Nos.: 91227213, 91227214, 91227215 (collectively, the "Oppositions"); and

**WHEREAS,** on or about May 4, 2016, Innovative Technologies filed in the USPTO Trademark Trial and Appeal Board ("TTAB") Notice of Cancelation to Nanoprotech FL Mark, Cancellation No.: 92063709 (the "Cancelation"); and

**WHEREAS,** on or about July 7, 2017, Innovative Technologies filed a lawsuit against the Nanoprotech FL in the United States District Court for the Eastern District of New York styled *Innovative Technologies, LLC. v. Nanoprotech Fl., LLC and Edward Kopshin*, Case No. 1:16-cv-03797-CBA-PK (the "Lawsuit"), whereupon the Oppositions and Cancellation were suspended pending resolution of the Lawsuit; and

**WHEREAS,** the Parties desire to compromise and settle all claims, counterclaims, and third-party claims that were or could have been asserted in the Oppositions, Cancellation and the Lawsuit, and otherwise fully and finally resolve their differences, except as otherwise set forth herein;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## 1.   Trademarks and Business Names

a.   **Use of the Marks.**  No later than January 1, 2019, Nanoprotech FL, and each of their business entities, predecessors, successors, corporate affiliates, parents, subsidiaries, officers, directors, members, shareholders, trustees, executors, insurers, agents, employees, heirs, representatives and assigns (collectively, their "Affiliates"), shall cease any and all use of the Innovative Technology Mark, the Nanoprotech FL Mark, the trademark names applied for in the Nanoprotech FL Applications, the marks and business names comprising word "NANOPROTECH", and any or all marks embodying, substantially similar to, and/or likely to cause confusion in connection with said marks and names, including, without limitation, in domain names and on social media pages.  Nanoprotech FL, on behalf of themselves and their Affiliates, covenant that they will not, during this period or otherwise, anywhere in the world, challenge, or cause a third party to challenge, the validity and ownership by Innovative Technologies of the Innovative Technology Mark, or interfere with the same; directly or indirectly seek to register, defend, compromise or dispute any rights in and to the Innovative Technology Mark, or any marks likely to cause confusion in connection with the Innovative Technology Mark, or any domain names encompassing or including the same; oppose Innovative Technology's registration of the Innovative Technology Mark in any jurisdiction or interfere in any way with the same; or taint, defame, or harm the Innovative Technology Mark or the goodwill associated therewith.

b.   **Transfer of Ownership and Assignments of the Marks.** Nanoprotech FL hereby transfers its ownership of the following Nanoprotech FL Applications and the Nanoprotech FL Mark to Innovative Technologies:

**BICYCLE NANOPROTECH, U.S. Registration No.: 4,917,914**
**HOME AND GARDEN NANOPROTECH, Serial No. 86586549**
**MOTORCYCLE NANOPROTECH, Serial No. 86586517**
**MARINE NANOPROTECH, Serial No. 86584431**

Within two (2) business days from the date this Settlement Agreement is fully executed, Innovative Technologies shall record these assignments with the USPTO bearing its own costs.

c.   **Transfer of Ownership and Assignments of the Domain.** Nanoprotech FL hereby covenants to transfer its ownership of the domain NANOPROTECH.ORG (the "Domain") to Innovative Technologies. No later than January 10, 2019, Nanoprotech FL shall contact the registrar of the Domain - PDR Ltd. d/b/a PublicDomainRegistry.com – and change the registrant information to Innovative Technologies, bearing its own costs.

d.   **The Pending USPTO and TTAB Matters.**  Within two (2) business days from the date this Settlement Agreement is fully executed, Innovative Technologies shall withdraw and dismiss with prejudice the Oppositions and the Cancelation.

## 2.    Dismissal of Lawsuit

Within three (3) business days of the date this Settlement Agreement is fully executed, the Parties, through their respective counsel, shall file all notices and pleadings necessary to dismiss the Lawsuit, including all claims, counterclaims, and third-party claims that were or could have been brought therein, with prejudice.  Such pleadings and notices shall recite that all claims, counterclaims, and third-party claims asserted in the Lawsuit have been compromised and settled.

## 3.    Mutual Release of Claims

Other than as set forth in this Settlement Agreement and subject to and conditioned on the performance of the Parties' respective obligations herein, in exchange for the consideration described herein and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, on behalf of themselves, and each of their business entities, predecessors, successors, corporate affiliates, parents, subsidiaries, officers, directors, members, shareholders, trustees, executors, insurers, agents, employees, heirs, representatives and assigns (collectively, for purposes of this Section, the "Releasing Parties"), hereby fully, forever, irrevocably and unconditionally release, acquit and discharge each other, and each of their business entities, predecessors, successors, trustees, executors, insurers, agents, employees, heirs, representatives and assigns (collectively, for purposes of this Section, the "Released Parties"), from any and all actions, causes of action, claims, suits, debts, demands, dues, sums of money, accounts, bills, contracts, and controversies  the Releasing Parties may have against the Released Parties, and the Releasing Parties hereby specifically release, waive and forever hold the Released Parties harmless from and against any and all such claims, liability, causes of action, compensation, benefits, damages, attorney fees, costs or expenses, of whatever nature or kind and whether known or unknown, fixed or contingent and by reason of any matter, cause, charge, claim, right or action whatsoever, which have arisen at any time up to and including the date of execution of this Settlement Agreement, arising from or relating to the Innovation Technology Mark and/or the Nanoprotech FL Mark and/or Nanoprotech FL Applications or that were or could have been brought in the Lawsuit or the Oppositions or the Cancellation. Notwithstanding the foregoing or any other provision herein, however, expressly excepted from this release section and expressly not released are any claims, demands, actions, losses and damages arising or resulting from the terms and conditions of this Settlement Agreement.

## 4.    Party Costs and Attorneys' Fees

Except as expressly provided herein, the Parties shall bear their own costs and attorney's fees incurred in filing and litigating the claims, counterclaims, and third-party claims contained in the Lawsuit, Cancellation and Oppositions.

## 5.    Warranties and Representations

3

The Parties warrant and represent that they have the right to enter into this Settlement Agreement and to grant the rights and release the matters released hereunder.

### 6.    Indemnification

To the fullest extent permitted by law, each Party shall compensate, exculpate, hold harmless and indemnify the other and his/their business entities, affiliates, predecessors, successors, executors, insurers, agents, employees, heirs, representatives and assigns from and against any liability, loss, damage, penalty, action, claim, judgment, settlement, cost or expense of any kind or nature whatsoever (including reasonable attorneys' fees and costs) that in any way relates to or arises out of, or is alleged to relate to or arise out of any breach of or failure by the indemnifying Party to perform any of its representations, warranties, covenants or agreements in this Settlement Agreement.

### 7.    Cooperation of the Parties

The Parties acknowledge and agree to cooperate fully and to execute any supplementary documents and to take any additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

### 8.    Successors and Assigns

This Settlement Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of the Parties to this Settlement Agreement and each of them. This Settlement Agreement is intended to and shall release and inure to the benefit of the Parties' respective successors-in-interest, parents, subsidiaries, affiliated and/or related corporations, divisions, owners, officers, directors, members, partners, agents, employees, representatives, stockholders, accountants, and attorneys, both individually and in the capacity indicated.

### 9.    No Admission of Liability

No Party admits liability of any nature to any other party, person or entity by entering into this Settlement Agreement. This Settlement Agreement represents a compromise of disputed claims. Notwithstanding the foregoing, however, Mr. Kopshin, in his individual capacity, admits that he has acted against Innovative Technologies and its shareholders' interests because of the undue influence of Innovative Technologies' former CEO, one Gregoriy Gulegin.

### 10.    No Representations

The Parties warrant and represent that at no time has any individual and/or entity made any representation, promises and/or statements (whether oral or written) except as set forth in this Settlement Agreement. The Parties warrant and represent that they have not been induced to

4

enter into this Settlement Agreement on the basis of any other representations, promises and/or statements (whether oral or written) made by any party at any time.

### 11.    No Assignment

The Parties each warrant and represent that they are the sole and lawful owners of all right, title and interest in and to all matters being released by them hereunder, and that they have not hereto assigned or transferred or purported to assign or transfer to any individual and/or entity not a party hereto any such released matter or any part or portion thereof.

### 12.    Advice of Counsel; Mutually Drafted

The Parties represent that in executing this Settlement Agreement they are relying solely on their own judgment, belief and knowledge and upon the advice and recommendation of their counsel concerning the nature, extent and duration of their rights and obligations deriving from this Settlement Agreement.  This Settlement Agreement is not to be construed or interpreted against either Party on the grounds of sole or primary authorship.  This Settlement Agreement shall be construed by any tribunal having jurisdiction over any dispute relating to, or arising out of, the terms of this Settlement Agreement as if mutually drafted with no presumption of any type against any Party.

### 13.    Integration

This Settlement Agreement constitutes the complete, final and exclusive embodiment of the entire agreement between the Parties with respect to the subject matter hereof.  This Settlement Agreement supersedes all prior and contemporaneous agreements, negotiations, representations, understandings, and discussions between the Parties and/or their respective counsel with respect to the subject matter covered hereby.

### 14.    Modification

Any modification, alteration or amendment of this Settlement Agreement shall be void and shall have no force or effect unless it is in writing and signed by both Parties.

### 15.    Arbitration

Any controversy or claim arising out of or relating to this Settlement Agreement, or the breach thereof, shall be determined by arbitration administered by the International Centre for Dispute Resolution in accordance with its International Arbitration Rules.  The number of arbitrators shall be three.  The place of arbitration shall be New York, New York.  Judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.  The prevailing Party in such proceeding shall be entitled to an award against the other Party for the prevailing Party's reasonable attorney's fees and costs.

## 16.   Execution in Counterparts and via Electronic Mail or Facsimile

This Settlement Agreement may be executed in counterparts, and the execution by the Parties of separate counterparts of this Settlement Agreement shall be deemed to be executed a single agreement by both Parties.  The Parties acknowledge that electronic or facsimile copies of their respective signatures shall be treated as original signatures.

## 17.   Partial Invalidity

The Parties agree that if any term or provision of this Settlement Agreement is determined by a court or other appropriate authority to be invalid, void, or unenforceable for any reason, the remainder of the terms and provisions of this Settlement Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

WHEREFORE, the duly authorized signatories of the Parties have executed this Settlement Agreement as of the date first set forth above.

EDWARD KOPSHIN

NANOPROTECH FL, LLC

By: _____

Its: _____

INNOVATIVE TECHNOLOGIES, LLC.

By: _____

Its: _____

6